**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

MICHAEL DEGROOT,

      Plaintiff,

                             Case No. 2:26-cv-11399

v.

                             Hon. Brandy R. McMillion

JACKSON COUNTY, MICHIGAN, *et al.*,

      Defendants.

_____/

## <u>ORDER OF SUMMARY DISMISSAL</u>

Plaintiff Michael Degroot ("Degroot" or "Plaintiff") filed this *pro se* action against Defendants Jackson County Michigan, Jackson County Friend of the Court, Judge Jennifer M. Kelly, Referee Bree Thurlby, Hertz Schram, PC, Lisa D. Stern, Danielle C. Fink, Sarah Hinsenkamp, and John/Jane Does 1-20 (collectively, "Defendants") seeking to stop domestic relations proceedings in state court. *See generally* ECF No. 1. Concurrent with filing, Degroot has also filed an Application to Proceed Without the Prepayment of Fees (*in forms pauperis*) (ECF No. 2)[1] and a Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3). The Court has reviewed Plaintiff's filings and finds that this matter is not properly before this Court, and therefore shall be **SUMMARILY DISMISSED**.

---

[1] The Court has reviewed the application and notes that Plaintiff is not indigent and to the extent this case were to proceed, he would be required to pay some of the fees and costs in this matter.

1

\* \* \*

As best the Court can discern, Plaintiff is involved in a domestic relations matter in the Jackson County family court.  ECF No. 1, PageID.1.  He has been ordered to pay child support and abide by certain parenting time provisions.  *Id.* at PageID.3.  That domestic relations matter is still pending, and a show cause hearing has been set for April 29, 2026.  *Id.* at PageID.1.  Degroot now seeks to have this Court stop that show cause hearing because he claims he has not had a full opportunity to dispute the allegations in that case.  *Id.* at PageID.7.  Plaintiff also ask this Court to enjoin any type of incarceration or enforcement of his child support orders, enjoin the April 29th hearing from proceeding, require recalculation of his child support payments, and allow him to appear remotely before the county court, among other things.  *Id.* at PageID.8-9.

"[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).  "[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183

2

F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988)).

The Court lacks jurisdiction to afford Degroot the relief he seeks. The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits injunctions against state-court proceedings "except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *Id.* The "core message" of the Anti-Injunction Act is "one of respect for state courts[,]" and it "broadly commands" that state courts shall be "free from interference by federal courts." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011) (internal quotation marks and citation omitted). For that reason, "[a]ny doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed." *Id.* (internal quotation marks and citation omitted). Degroot fails to meet any of the limited exceptions to warrant federal intervention and, therefore, the Court will refrain from interfering with the state court domestic relations proceedings.

Moreover, to the extent that Plaintiff is asking the Court to stop enforcement of an already issued child support order, the *Rooker-Feldman* doctrine prevents the Court from doing so. *Rooker-Feldman* provides that lower federal courts do not have subject matter jurisdiction to review final judgments from state courts. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *see also Kovacic v. Cuyahoga Cnty. Dep't*

3

*of Child and Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010).  The Sixth Circuit has reaffirmed that the *Rooker-Feldman* doctrine applies to interlocutory state court orders as well.  *See RLR Investments, LLC v. City of Pigeon Forge*, 4 F.4th 380, 396 (6th Cir. 2021); *Hancock v. Miller*, 852 F. App'x 914, 922 (6th Cir. 2021) (*Rooker-Feldman* bars review of any alleged harms that are the "product of a state court judgment") (citation omitted).  Here, that is precisely what Plaintiff is seeking the Court to do – review a final judgment of the state court (the child support order) to stop its enforcement.  The Court is prohibited from doing so; and Plaintiff's form of redress for the requested relief lies within the appellate jurisdiction of the state courts.

For these reasons, this case is **SUMMARILY DISMISSED**.  The Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 3) is **DENIED AS MOOT**.

*This is a final order that closes the case.*

**IT IS SO ORDERED.**

Dated: April 29, 2026  
   Detroit, Michigan

s/Brandy R. McMillion  
HON. BRANDY R. MCMILLION  
United States District Judge

4